IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY NEFF o/b/o
BREANNA E. SESSIONS                                                             PLAINTIFF

            v.                    Civil No. 05-4055

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tracy Neff, appealed to this Court from the denial of child's supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On July 24, 2006, the undersigned remanded this matter to the Commissioner, *42 U.S.C. § 405(g)* (Doc. #9 & 10).

Plaintiff's attorney, Greg Giles, filed Plaintiff's Application And Affidavit For Attorney's Fees Under 28 U.S.C.§ 2412 The Equal Access to Justice Act (EAJA)[1], on July 26, 2006 (Doc. #11). The Commissioner responded on August 3, 2006 (Doc. #11). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)*.

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA* and does not object to the hourly rate

---

[1] *The Equal Access to Justice Act* (hereinafter the "*EAJA*"). *28 U.S.C. § 2412.*

requested by plaintiff's counsel. However, she does dispute the number of hours expended by counsel. The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984).*

2

AO72A
(Rev. 8/82)

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A)*. Plaintiff's attorney requests an award under the *EAJA,* at the rate of $125.00 per hour for the 25.5 hours which he asserts were devoted to the representation of plaintiff in this Court. As previously noted, the Commissioner has raised no objection. We note that an award based upon this hourly rate, reflecting an increase in the cost of living as set by Congress, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990)*. Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

Further, we have reviewed counsel's itemization of time contained in his Affidavit (Doc. #11). Defendant has objected to 5.9 hours for which counsel seeks a fee award, as excessive. We note that counsel seeks compensation for 2.4 hours for services performed on July 19, 2005 (to review the unfavorable decision from the Appeals Council, and to review the file for consideration of Federal Court Appeal). However, plaintiff's district court case was not filed until July 29, 2005 (Doc. #1). Thus, we find that counsel is not entitled to compensation for this time, as it was not performed in representation of the plaintiff in the district court. See *Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984);* see also, *Shalala v. Schaefer, 509 U.S. 292 (1993); Sullivan v. Hudson, 490 U.S. 877 (1989)* (An attorney is entitled to *EAJA* fees for services rendered at the district court level. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 23.1 hours.

Accordingly, we find that counsel is entitled to compensation for 23.1 hours at the rate of $125.00 per hour, for a total attorney's fee award of $2,887.50 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into

3

account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 31st day of August, 2006.

      /s/ Bobby E. Shepherd
     HONORABLE BOBBY E. SHEPHERD
     UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)